**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TROY TERRELL MCNEAL,
             *Petitioner-Appellant,*

        v.

DARRELL G. ADAMS, Warden;
ATTORNEY GENERAL OF THE STATE
OF CALIFORNIA,
          *Respondents-Appellees.*

No. 08-16472

D.C. No.
2:06-CV-01763-
MCE-CMK

OPINION

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted
February 10, 2010—San Francisco, California

Filed October 26, 2010

Before: Alfred T. Goodwin, Marsha S. Berzon, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Goodwin;
Concurrence by Judge Berzon

17817

## COUNSEL

Deanna F. Lamb, Central California Appellate Program, Sacramento, California, for the petitioner-appellant.

Sean M. McCoy, Deputy Attorney General, Sacramento, California, for the respondents-appellees.

## OPINION

GOODWIN, Circuit Judge:

Petitioner Terrell McNeal ("Petitioner") appeals the denial of his petition for writ of habeas corpus. We have jurisdiction under 28 U.S.C. § 2253. We affirm.

Petitioner argues that because his counsel was not present at the hearing on the prosecution's motion to compel a DNA

sample, Petitioner was deprived of counsel at a "critical stage" in the proceedings and his conviction must be reversed without inquiry into prejudice. We issue this opinion to clarify the difference between a stage at which the defendant has a right to counsel, *see Mempa v. Rhay*, 389 U.S. 128, 134 (1967), and a critical stage requiring *per se* reversal if counsel is absent, *see United States v. Cronic*, 466 U.S. 648, 658-59 (1984).

## I.   Factual and Procedural Background

On May 29, 2000, Petitioner molested his girlfriend's fourteen-year-old daughter in the back seat of a car.[1] The police recovered DNA evidence from the sanitary pad worn by the victim on that day. Petitioner was charged with sexual offenses, and the court appointed the public defender. Petitioner pled not guilty.

The prosecution moved to compel Petitioner to provide a DNA sample, and the court set a hearing date of August 10, 2000. The prosecution did not include proof of service on the public defender. Defense counsel did not file a written opposition to the motion or appear at the August 10, 2000 hearing. Therefore, the court continued the matter until August 11, 2000. On August 11, 2000, defense counsel again failed to appear. The court granted the motion and directed the clerk to leave a telephone message informing defense counsel that the motion had been granted.

On August 14, 2000, Petitioner and defense counsel appeared before the court to set an additional appearance.

---

[1] The facts are taken from the unpublished opinion of the California Court of Appeal. "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004).

Defense counsel did not object to the granting of the motion to compel a DNA sample, nor did she claim she had not received notice of the motion prior to the hearing. On August 16, 2000, a technician at the jail collected a DNA sample from Petitioner. Petitioner's DNA matched the DNA evidence collected from the victim's sanitary pad.

The court held a hearing on the admissibility of the DNA evidence and ruled that the evidence was admissible. At trial, Petitioner was represented by appointed counsel and separate appointed DNA counsel. The jury found Petitioner guilty of assault with intent to commit rape, sexual battery, and three counts of lewd and lascivious conduct upon a fourteen-year-old child.

Petitioner filed a direct appeal in which he argued that his counsel was ineffective for failing to appear at the hearing and his conviction must be reversed *per se* without inquiry into prejudice. The California Court of Appeal affirmed on the ground that the hearing was not a critical stage and Petitioner suffered no prejudice. The California Supreme Court denied Petitioner's petition for writ of certiorari.

Petitioner filed a petition for writ of habeas corpus in California Superior Court. He claimed, *inter alia*, that his trial counsel was ineffective for failing to appear at the hearing and his appellate counsel was ineffective for failing to establish that the hearing was a critical stage. The California Superior Court denied Petitioner's claims as barred because the issue of critical stage was decided on direct appeal. The court concluded in the alternative that the hearing was not a critical stage and Petitioner suffered no prejudice. The California Court of Appeal and the California Supreme Court summarily denied subsequent petitions raising the same claims.

## II.   Discussion

[1] The Sixth Amendment requires that a defendant be provided counsel "at every stage of a criminal proceeding where

substantial rights of a criminal accused may be affected." *Mempa*, 389 U.S. at 134. A petitioner claiming a Sixth Amendment violation ordinarily must prove the absence of counsel prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rushen v. Spain*, 464 U.S. 114, 119 n.2 (1983) (*per curiam*). However, in *United States v. Cronic*, 466 U.S. at 659, the Court held that prejudice must be presumed if counsel is absent from a "critical stage" in the proceedings. The Court has not provided a list of *Cronic* critical stages. *United States v. Benford*, 574 F.3d 1228, 1232 (9th Cir. 2009).

**[2]** Petitioner argues that a hearing on a motion to compel a DNA sample is a *Cronic* critical stage for which we must presume prejudice if counsel is absent.

### A. Exhaustion

Respondent argues that Petitioner did not exhaust his critical stage argument in state court. Respondent acknowledges that the state court ruled on the issue, but argues that Petitioner "did not squarely assert that the hearing was a critical stage in his state appeal."

When reviewing state court denials of direct appeals or denials of petitions for writ of habeas corpus, we look through the summary dispositions to the last reasoned decision. *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). Here, the last reasoned decision on Petitioner's direct appeal is from the California Court of Appeal, and the last reasoned decision on Petitioner's state petitions for writ of habeas corpus is from the California Superior Court.

On direct appeal, the California Court of Appeal addressed whether the hearing was a critical stage, and concluded it was not:

> [Petitioner] claims that counsel abandoned him at the hearing on the motion which constituted an "actual

denial" of his right to counsel which is reversible *per se*.

. . . .

[Petitioner] cites *King v. Superior Court* (2003) 107 Cal. App. 4th 929, 950 in support of his claim that a critical stage includes a pretrial hearing on a motion. *King* is distinguishable. . . .

Here, [Petitioner] was represented by counsel except for the failure of counsel to appear at the hearing on the prosecution's motion to compel samples for DNA analysis. [Petitioner] has failed to demonstrate that counsel's nonappearance occurred at a critical stage in that [Petitioner]'s counsel appeared subsequently and did not challenge the order which had not yet been acted upon.

Likewise, the California Superior Court concluded on habeas review that the hearing was not a critical stage:

Petitioner next claims that his [Sixth Amendment right was] violated when the trial court granted the prosecution's motion to compel the DNA sample outside of the presence of [P]etitioner and his counsel. Petitioner claims this was a critical stage of the prosecution, and that a violation of it was prejudicial *per se*.

. . . .

. . . [P]etitioner is incorrect that denial of the right to be present and to have counsel present is prejudicial *per se*. Rather, denial of the right to be present and have counsel present has long been held to be subject to harmless error review analysis . . . .

**[3]** Thus, the state court has ruled on this issue, and it is ripe for review. *See Picard v. Connor*, 404 U.S. 270, 275 (1971) (stating that the purpose of the exhaustion requirement is to give a state the initial opportunity to address alleged violations of its prisoners' federal rights).

### B. Merits

Under the Antiterrorism and Effective Death Penalty Act of 1996, we may grant an application for writ of habeas corpus only if the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law if it arrives at a conclusion of law opposite to that of the Supreme Court or reaches a result different from the Supreme Court on materially indistinguishable facts. *Taylor v. Lewis*, 460 F.3d 1093, 1097 n.4 (9th Cir. 2006). A state court decision involves an unreasonable application of clearly established federal law if it correctly identifies a governing rule but applies it to a new set of facts in a way that is objectively unreasonable, or if it extends, or fails to extend, a clearly established legal principle to a new set of facts in a way that is objectively unreasonable. *Id.* An unreasonable application of federal law is different from an incorrect application of federal law. *Id.*

**[4]** In this case, the California direct appeal and California habeas corpus decisions that the hearing was not a *Cronic* critical stage are not contrary to clearly established federal law as determined by the Supreme Court. Both parties acknowledge that the Supreme Court has not determined whether a hearing on a motion to compel a DNA sample is a critical stage. Thus, the state court decisions are not contrary to clearly established federal law. *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419-20 (2009).

**[5]** The state-court decisions also do not involve an unreasonable application of the general principles of *Cronic* or other Supreme Court precedents. Critical stages involve "significant consequences" to the defendant's case. *See Bell v. Cone*, 535 U.S. 685, 695-96 (2002). No such consequences are present in this case. Petitioner's counsel appeared subsequent to the hearing but before the DNA sample was collected, and could have objected at that time if she believed there was a basis for denying the motion.[2] Counsel also had an opportunity to argue at the admissibility hearing that the DNA evidence should not be admitted at trial. Thus, a state court could reasonably conclude that the taking of DNA samples is similar to taking handwriting exemplars and obtaining other physical evidence such as "fingerprints, [a] blood sample, clothing, hair and the like," *United States v. Wade*, 388 U.S. 218, 227-28 (1967), which are subject to meaningful challenge through the adversary process, and thus not *Cronic* stages. *See United States v. Lewis*, 483 F.3d 871, 874 (8th Cir. 2007) (citing cases). Accordingly, the hearing involved no significant consequences to Petitioner's case, and the state-court decisions rejecting Petitioner's critical stage argument do not involve an unreasonable application of Supreme Court precedent.

**[6]** The state-court decisions that Petitioner's Sixth Amendment right to counsel was not violated under the *Strickland* prejudice inquiry are not contrary to, or an unreasonable application of, clearly established federal law. *See Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (applying *Strickland* because the habeas corpus petitioner did not establish that he was denied counsel at a *Cronic* critical stage). Assuming, without deciding, that Petitioner had a right to counsel, he suffered no prejudice from the lack of counsel. His counsel

---

[2]Petitioner argues, for the first time on appeal, that the record does not show that his trial counsel had notice of the motion. However, Petitioner's objection to the magistrate's report expressly concedes that his trial counsel had notice of the motion.

had an opportunity to object before the DNA sample was collected and again before the evidence was introduced at trial. As the magistrate noted, "It appears that trial counsel did not argue against the trial court's order granting the motion because there would have been no basis upon which to do so." Thus, the state-court decisions are not contrary to, or an unreasonable application of, *Strickland*. *See Strickland*, 466 U.S. at 687; *see also Berghuis v. Thompkins*, 130 S. Ct. 2250, 2264 (2010) (determining that, because a habeas petitioner's claim failed under *de novo* review, it necessarily failed under AEDPA's deferential review).

Therefore, the state-court decisions are not contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.

**[7]** Moreover, we conclude on the merits that this hearing was not a *Cronic* critical stage. *See Knowles*, 129 S. Ct. at 1420 (2009) (explaining that a habeas petitioner's claim, which failed under AEDPA, would fail even under *de novo* review). Taking handwriting exemplars is neither a critical stage nor a stage giving rise to the right to counsel. *Gilbert v. California*, 388 U.S. 263, 267 (1967). Post-indictment photographic lineups and the scientific analysis of blood or fingerprint samples likewise are not critical stages and do not create a right to counsel. *United States v. Ash*, 413 U.S. 300, 321 (1973); *United States v. Wade*, 388 U.S. 218, 227-28 (1967). The Eighth Circuit has directly addressed whether a defendant has the right to counsel before a DNA sample is collected, and concluded a defendant does not. *See United States v. Lewis*, 483 F.3d 871, 874 (8th Cir. 2007).

**[8]** The Ninth Circuit uses a three-factor test for determining whether a proceeding is a *Cronic* critical stage: (1) whether the failure to pursue strategies or remedies results in a loss of significant rights, (2) whether counsel would be useful in helping the defendant understand the legal issues, and (3) whether the proceeding tests the merits of the defendant's

case. *Hovey v. Ayers*, 458 F.3d 892, 901 (9th Cir. 2006); *see also United States v. Benford*, 574 F.3d 1228, 1232 (9th Cir. 2009). Any one of these factors may be sufficient to make a proceeding a critical stage. *Hovey*, 458 F.3d at 901-02.

**[9]** In this case, the factors lead to the conclusion that this hearing was not a critical stage. Petitioner's rights were not lost for the reasons discussed above, and counsel was not needed to help Petitioner understand the legal issues because no basis existed for denying the motion. Accordingly, we conclude the hearing was not a critical stage.

## III.  Conclusion

The decisions of the California courts were not contrary to, nor did they involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. Accordingly, the district court denial of Petitioner's petition for writ of habeas corpus is AFFIRMED.

---

BERZON, Circuit Judge, concurring in the judgment:

I agree with the majority that the state court decisions were not contrary to, and did not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court, and were not based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Unlike the majority, however, I would stop with that conclusion. It is unnecessary to decide whether the August 11, 2000 hearing was, in fact, a "critical stage" in McNeal's criminal proceedings.

Moreover, in addressing this issue, I believe the majority confuses the "critical stage" standard applicable to *United States v. Cronic*, 466 U.S. 648 (1984) with the separate "critical stage" standard applicable to all claims under the Sixth

Amendment. Put simply, the majority erroneously treats the two as the same, when they are not. The standard applicable in the first instance is "any stage of a criminal proceeding where substantial rights of a criminal accused may be affected," *Hovey v. Ayers*, 458 F.3d 892, 901 (9th Cir. 2006) (citation and quotation marks omitted), while that applicable in the second instance is whether the denial of counsel at a given stage holds such "significant consequences" for the overall proceeding that a prejudice inquiry is impractical, *see Musladin v. Lamarque*, 555 F.3d 830, 839-40 (9th Cir. 2009).

The error may be understandable, as the case law uses the term "critical stage" in both instances. *See Cronic*, 466 U.S. at 659; *United States v. Ash*, 413 U.S. 300, 316 (1973). And at least one case from this Court seems not to have noticed the difference, and so used the same standard for both. *United States v. Benford*, 574 F.3d 1228, 1231-33 & n.2 (9th Cir. 2009). But the questions — whether a defendant is entitled to a lawyer during a certain proceeding and whether the denial of a lawyer gives rise to automatic reversal of the entire conviction because of the difficulty of determining the impact a lawyer may have had — are obviously distinct.

One reason melding the two questions, as the majority does, matters is that it can lead to a tendency to deny the right to counsel at some relatively peripheral proceedings because of a perception that the result of such recognition is necessarily a *Cronic* reversal if the right is denied.

The majority states at the outset that it is going to clarify the distinction between the two questions and standards. Maj. op. at 17821. But then it only further contributes to the confusion. I respectfully concur only in the judgment.