# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3002

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Southern |
| | * | District of Iowa. |
| Susan Iwasa Streeter, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: December 20, 2010
Filed: December 23, 2010

_____

Before LOKEN, MURPHY, and BENTON, Circuit Judges.

_____

PER CURIAM.

After a jury found Susan Streeter guilty of making a false claim against the United States in violation of 18 U.S.C. § 287, the district court[1] sentenced her to one year of probation. Her counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the evidence was insufficient to support the verdict. In a pro se supplemental brief, Streeter argues that her conviction was based on false testimony, and counsel was ineffective.

---

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

We conclude that the evidence, which we must view in the light most favorable to the verdict, was sufficient for the jury to find Streeter guilty of the offense beyond a reasonable doubt.  See United States v. Williams, 534 F.3d 980, 985 (8th Cir. 2008) (standard of review); United States v. Refert, 519 F.3d 752, 757 (8th Cir. 2008) (elements of offense).  We further conclude that Streeter's conclusory assertion that her conviction was based on false testimony does not warrant reversal, see United States v. Coronel-Quintana, 752 F.2d 1284, 1290 (8th Cir. 1985); and we decline to consider Streeter's ineffective-assistance claim, because it is not properly raised in this direct criminal appeal, see United States v. Lewis, 483 F.3d 871, 873 n.2 (8th Cir. 2007).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues for appeal.  Accordingly, we affirm the district court's judgment, and we grant counsel's motion to withdraw, subject to counsel informing Streeter about procedures for seeking rehearing or filing a petition for certiorari.

_____