# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3228

_____

United States of America,

        Appellee,

v.

Monty M. Mariner,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of North Dakota.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: March 1, 2011
Filed: March 4, 2011

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges

_____

PER CURIAM.

Monty Mariner challenges the sentence the district court[1] imposed after a jury found him guilty of committing assault resulting in serious bodily injury (Count 1), assault with a dangerous weapon (Count 2), and sexual abuse (Count 3), all in Indian country, in violation of 18 U.S.C. §§ 113(a)(3), (a)(6), 1153, and 2252(2)(B). His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the district court violated Federal Rule of Criminal Procedure 32 by relying on its knowledge of the facts and sentence in a similar case,

_____

[1]The Honorable Daniel L. Hovland, United States District Judge for the District of North Dakota.

United States v. Papakee, 573 F.3d 569 (8th Cir. 2009), and by expressing its respect for the sentencing judge in that case, without first giving Mariner an opportunity to comment on that information. He also argues that the sentence is unreasonable. In a pro se supplemental brief, Mariner argues that counsel was ineffective; that the court erroneously admitted evidence of Mariner's prior sexual assaults; that the government should have acquired fingerprints from a van used in the crimes; that the evidence is insufficient to support the verdict; and that the sentence is unreasonable.

We decline to consider the ineffective-assistance claim in this direct appeal, see United States v. Lewis, 483 F.3d 871, 873 n.2 (8th Cir. 2007); and we find that the evidence, viewed in the light most favorable to the verdict, amply supports the jury's verdict regardless of fingerprint evidence, see United States v. Wilson, 619 F.3d 787, 795 (8th Cir. 2010); United States v. Erdman, 953 F.2d 387, 389 (8th Cir. 1992). We also conclude that the court did not abuse its discretion in admitting evidence of Mariner's prior sexual assaults. See Fed. R. Evid. 413(a).

Reviewing the Rule 32 argument for plain error, see United States v. Pirani, 406 F.3d 543, 549 (8th Cir. 2005) (en banc) (errors not preserved below are reviewed for plain error), we find none, plain or otherwise. The district court properly considered the facts and sentence in Papakee because sentences in similar cases are relevant considerations under section 3553(a), see 18 U.S.C. § 3553(a)(6); and we find no miscarriage of justice resulting from the court's expression of respect for a colleague, see United States v. Clayton, 210 F.3d 841, 843 (8th Cir. 2000) (court will not reverse for plain error absent clear error resulting in manifest injustice).

Reviewing the sentence for abuse of discretion, we find no procedural error and we conclude that the sentence is not substantively unreasonable. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc); United States v. Watson, 480 F.3d 1175, 1177 (8th Cir. 2007) (listing circumstances where court abuses its discretion, resulting in unreasonable sentence).

Finally, having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal. However, the written judgment states that 360-month sentences of supervised release were imposed on Counts 1 and 2 rather than the 36-month sentences announced by the court. Accordingly, we modify the judgment to reflect 36-month terms of supervised release on each of Counts 1 and 2, and we affirm the judgment as modified. <u>See</u> 28 U.S.C. § 2106. We also grant counsel's motion to withdraw, subject to counsel informing Mariner about procedures for seeking rehearing or filing a petition for certiorari.

_____