# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-2414
_____

United States of America

*Plaintiff - Appellee*

v.

Pao Xiong

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: May 13, 2019
Filed: June 21, 2019
[Unpublished]

_____

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

_____

PER CURIAM.

A jury found Pao Xiong guilty of being an inmate in possession of a prohibited object—namely, a cell phone—in prison, in violation of 18 U.S.C. § 1791(a)(2). Xiong appeals his conviction, challenging the sufficiency of the evidence and arguing

that the district court[1] violated his Sixth Amendment right to present a defense by refusing to allow a witness to testify. We affirm.

The evidence presented at trial established that Correctional Officer Justin Culver noticed Xiong in a cubicle with three other inmates. Xiong's t-shirt was pulled up over his head. Culver asked the other inmates to leave and performed a pat-down search of Xiong. He felt an object in Xiong's pocket that turned out to be a black and blue cell phone. Culver also found several pieces of paper listing cell phones and handwritten prices.

Culver identified Xiong when Xiong returned to his own cubicle and retrieved his identification card. Culver then filed a report regarding the incident. At trial, Culver admitted that his report differed from his testimony. His report did not mention that three other inmates were found in the same cubicle as Xiong, nor did it state that Xiong was identified after he was searched. Culver testified that he had omitted information from the report that he had deemed irrelevant to the offense.

Prior to trial, Xiong gave the district court notice that he intended to call as a witness Santos Flores-Avilles, a fellow inmate who had been in the cubicle with Xiong when he was apprehended. The district court granted Xiong the opportunity to voir dire Flores-Avilles outside the jury's presence. Xiong asked Flores-Avilles if he had been charged administratively with, pleaded guilty to, and been disciplined internally for possessing the same phone that was at issue in Xiong's trial. Flores-Avilles responded "yes." The government then asked Flores-Avilles if the phone belonged to him, to which he answered "no." When the government asked Flores-Avilles if his pictures were on the phone, he conferred with his court-appointed counsel and ultimately exercised his Fifth Amendment right to refuse to testify. The

---

[1]The Honorable D.P. Marshall, Jr., United States District Judge for the Eastern District of Arkansas.

district court denied Xiong's request to ask his earlier-posed question at trial, concluding that allowing Flores-Avilles to testify without facing cross-examination would be prejudicial to the government's presentation of the case.

Xiong argues that the evidence was insufficient to support his conviction because the admitted inaccuracies in Culver's incident report rendered his testimony not credible. We review *de novo* the sufficiency of the evidence, viewing the evidence in the light most favorable to the government, resolving conflicts in the government's favor, and accepting all reasonable inferences that support the verdict. United States v. Parks, 902 F.3d 805, 814 (8th Cir. 2018).

The government was required to prove (1) that Xiong was an inmate in federal prison, (2) that he possessed a cell phone while in prison, and (3) that a cell phone is a prohibited item in prison. 18 U.S.C. § 1791(a)(2). Xiong concedes that the first and third elements were proven. He argues that the evidence was insufficient to prove his possession because Culver lacked credibility and had a motive to lie in light of Xiong's status as a "nuisance" prisoner. He does not argue that Culver's testimony, if credible, failed to establish his possession of the phone. Our "role is not to reweigh the evidence or to test the credibility of the witnesses, because questions of credibility are the province of the jury." Parks, 902 F.3d at 814-15 (quoting United States v. Vanover, 630 F.3d 1108, 1116 (8th Cir. 2011) (per curiam)). Accordingly, we conclude that Culver's testimony was sufficient to support Xiong's conviction.

Xiong also argues that the court should have allowed him to call Flores-Avilles as a witness at trial. We need not determine whether this constituted error because any error was harmless. See United States v. Lundstrom, 880 F.3d 423, 440 (8th Cir. 2018) ("An evidentiary error is harmless if the record demonstrates that the defendant's substantial rights were unaffected and that the error 'did not influence or had only a slight influence on the verdict.'" (quoting United States v. Lewis, 483 F.3d 871, 875 (8th Cir. 2007))). The government was required to prove only that Xiong

possessed the cell phone at the time of his apprehension, not that Xiong owned it or had exclusively possessed it in the past. See 18 U.S.C. § 1791(a)(2). Flores-Avilles's potential testimony that he had been disciplined for using the same phone in the past was irrelevant to the issue of Xiong's later possession of that phone.

The judgment is affirmed.

_____