**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLES VERDEL FARNSWORTH, | No.    22-35805 |
| Petitioner-Appellant, | D.C. No. 3:20-cv-05067-BHS |
| v. | |
| JERI BOE, Clallam Bay Superintendent, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted May 9, 2024[**]
Seattle, Washington

Before:  MURGUIA, Chief Judge, and McKEOWN and OWENS, Circuit Judges.

Charles Farnsworth appeals the district court's order denying his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for first-degree robbery. Because the parties are familiar with the facts, we do not recount them here.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253, and we

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

We review de novo a district court's denial of a habeas petition. *Prescott v. Santoro*, 53 F.4th 470, 477 (9th Cir. 2022). Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), habeas relief may not be granted unless a state court's adjudication of a claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## I.     Ineffective Assistance of Counsel

The Washington state courts did not err in denying Farnsworth's claims of ineffective assistance of counsel. To obtain relief on an ineffective assistance of counsel claim, a petitioner must "show both that his counsel provided deficient assistance and that there was prejudice as a result." *Harrington v. Richter*, 562 U.S. 86, 104 (2011).

As an initial matter, there is no clearly established law that Farnsworth can bring an ineffective assistance claim against standby counsel when Farnsworth was proceeding *pro se*. As the Supreme Court stated in *Faretta v. California*, "a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of

counsel.'" 422 U.S. 806, 834 n.46 (1975). Farnsworth argues his counsel was standby in name only, as counsel argued motions and cross-examined witnesses. But even assuming a claim could proceed on those grounds, Farnsworth has not shown that he suffered any prejudice from standby counsel's representation. Therefore, the Washington state courts were reasonable in denying Farnsworth's claim against his standby counsel for failing to get certain police reports admitted for impeachment purposes.

Farnsworth's second ineffective assistance claim for the failure to obtain allegedly exculpatory surveillance footage—when he was formally represented by counsel—also fails. The Commissioner of the Washington Supreme Court ("Commissioner") reasonably found no error in counsel's representation of Farnsworth because Farnsworth provided nothing other than speculation to assert that exculpatory evidence existed on the surveillance video. Further, the record shows that Farnsworth's counsel had explicitly requested an unedited version of the footage. Even if counsel failed to secure the footage before it was destroyed, his actions did not fall outside "the 'wide range' of reasonable professional assistance." *Harrington*, 562 U.S. at 104 (quoting *Strickland v. Washington*, 466 U.S. 668, 698 (1984)).

## II.  Prosecutorial Misconduct

The Washington state courts were also reasonable in denying Farnsworth's claims of prosecutorial misconduct. As we have stated, "[a] prosecutor's actions constitute misconduct if they 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Wood v. Ryan*, 693 F.3d 1104, 1113 (9th Cir. 2012) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). But under AEDPA's deferential review standard, Farnsworth fails to show any deprivation of due process.

Farnsworth argues that the prosecutor violated the Confrontation Clause of the Sixth Amendment by concealing the terms of the plea agreement offered to the prosecution's star witness and Farnsworth's accomplice, James McFarland. While recognizing the Washington Supreme Court's holding on direct appeal that the exclusion of the plea agreement was erroneous, the Commissioner held that the exclusion was not prejudicial. This determination was reasonable. As the Washington Supreme Court discussed, and as the record reflects, McFarland's testimony presented his motive for testifying: in exchange for testifying against Farnsworth, McFarland would avoid his robbery conviction and resulting life sentence. Although McFarland did not accurately represent the mechanics of the plea agreement, his testimony reflected the ultimate benefit he would receive for testifying and so his motivation to lie was before the jury. *Cf. United States v. Schoneberg*, 396 F.3d 1036, 1042 (9th Cir. 2005) (holding that under the

4

Confrontation Clause, the defendant must be able to cross examine a witness who received a plea agreement "to show why the witness might testify falsely in order to gain the benefit or avoid the detriment" outlined in the plea agreement).

Farnsworth also contends that the prosecutor committed misconduct by vouching for McFarland's supposedly false testimony that he was motivated to testify after he reviewed certain police reports that defense counsel could not find or identify. But it was not unreasonable for the Commissioner to conclude that the prosecutor's statement—"[t]hat's what happened"—after McFarland's testimony was not vouching because the statement did not directly address McFarland's credibility or veracity. *Cf. United States v. Weatherspoon*, 410 F.3d 1142, 1146–48 (9th Cir. 2005) (holding that a prosecutor engaged in vouching when directly telling the jury whether witnesses were being truthful). As the magistrate judge pointed out, the statement could not be considered vouching "in light of the prosecutor's immediate clarification that she was, in fact, asking McFarland how he knew that happened."

Like his ineffective assistance claim, Farnsworth claims that the prosecutor erred by not requesting and providing the defense with a full copy of the surveillance video before it was destroyed. As discussed above, the Commissioner reasonably found no error because Farnsworth provided nothing other than speculation to assert that exculpatory evidence existed on the surveillance video.

5

Additionally, Farnsworth cannot pursue a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), because he fails to show that the prosecution ever possessed the complete surveillance video or knew of any potentially exculpatory evidence in the video. *See Sanchez v. United States*, 50 F.3d 1448, 1453 (9th Cir. 1995) ("The government has no obligation to produce information which it does not possess or of which it is unaware.").

Finally, Farnsworth argues that the prosecutor violated his Fifth Amendment right to remain silent by introducing evidence regarding his refusal to provide a handwriting exemplar. But as our precedent provides, the production of handwriting exemplars is neither protected by the Fifth Amendment privilege against self-incrimination nor a critical stage giving rise to the right to counsel. *See McNeal v. Adams*, 623 F.3d 1283, 1289 (9th Cir. 2010). Therefore, Farnsworth's refusal does not implicate his right to remain silent. Thus, the Commissioner's rejection of this claim was not contrary to or an unreasonable application of clearly established law on the Fifth Amendment.

We reject Farnsworth's additional prosecutorial misconduct claims because he provides no evidence or case law to challenge the reasonableness of the state courts' decisions. Farnsworth fails to show that any of the prosecutor's actions "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993).

### III. Judicial Misconduct

Because the standard of review for a judicial misconduct claim in a habeas appeal is the same as that for a prosecutorial misconduct claim—and Farnsworth largely bases his judicial misconduct claims on the same grounds as his prosecutorial misconduct claims—we conclude that the state courts' denial of these claims was also reasonable. *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). Further, we reject Farnsworth's only other claim that the trial court's exclusion of evidence of McFarland's prior theft conviction raised "a specter of bias and impropriety." Farnsworth does not explain how, even if the exclusion was erroneous, "the state trial judge's behavior rendered the trial so fundamentally unfair as to violate due process under the United States Constitution." *Id.* at 740 (citations omitted).

### IV. Cumulative Error

"[T]he Supreme Court has clearly established that the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal." *Parle v. Runnels*, 505 F.3d 922, 928 (9th Cir. 2007) (citations omitted). However, Farnsworth is unable to demonstrate any errors other than the trial court's exclusion of McFarland's plea agreement. Thus, Farnsworth's

7

cumulative error claim fails because we are not faced with "the combined effect of multiple trial errors." *Id.*

**AFFIRMED.**